# EXHIBIT A

A true and correct copy of all process and pleadings served upon Defendants Summit Treestands, LLC. and Bass Pro Outdoor World, LLC. in this action

RECEIVED AND FILED
FOR RECORD
At 8 O'Clock AM.

JUN 0 3 2010

Cause No.: 10-06-05909-CV

| | | |
|---|---|---|
| PATRIZIA REED | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | MONTGOMERY COUNTY, TEXAS |
| | § | |
| SUMMIT TREESTANDS, LLC. | § | |
| | § | |
| and | § | |
| | § | |
| BASS PRO OUTDOOR WORLD, LLC. | § | 284th JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW, Plaintiff, Patrizia Reed (sometimes referred to herein as "Plaintiff") complaining of Defendant Summit Treestands, LLC. (sometimes referred to herein as "Summit") and Defendant Bass Pro Outdoor World, LLC. (sometimes referred to herein as "Bass Pro Outdoor World") for cause of action would respectfully show the Court the following:

### I.
### DISCOVERY CONTROL PLAN

1. Pursuant to Rule 190.3 of the Texas Rules of Civil Procedure, Plaintiff requests a Level 2 discovery control plan.

### II.
### PARTIES

2.0   Plaintiff, Patrizia Reed is a resident of Montgomery County, Texas.

2.1   Defendant, Summit Treestands, LLC. is a Foreign Limited Liability Company and may be served with process through its registered agent of service, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

2.2   Defendant, Bass Pro Outdoor World, L.L.C. is a Foreign Limited Liability Company and may be served with process through its registered agent of service, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.

## III.
## JURISDICTION & VENUE

3.0	Jurisdiction and venue is proper in Montgomery County, Texas. The acts or omissions forming the subject of this matter occurred in Montgomery County, Texas. The amount in controversy exceeds the minimum jurisdictional requirements.

## IV.
## BACKGROUND FACTS

**A.	General Allegations**

4.0	This suit is filed upon common law grounds upon Plaintiff's contentions that the acts, omissions, and conduct of Defendants, and each of them, as described herein constitutes negligence, breach of express and implied warranties.

**B.	Specific Allegations**

4.1	On or about November 10, 2009, Plaintiff suffered serious personal injuries and damages which were proximately caused by dangerous and defective Summit deer stand equipment (the "subject equipment") designed, manufactured and marketed by Defendants. On that date, Plaintiff suffered spine injuries when the seat and webbing material on a Summit tripod deer stand failed during normal use, causing Plaintiff to fall onto her back and buttocks.

4.2	The subject equipment was designed, manufactured and marketed by Summit. Plaintiff's husband purchased the subject equipment from Defendant Bass Pro Outdoor World on-line website on or about March 3, 2008.

## V.
## CAUSE OF ACTION

5.1	Plaintiff incorporates by reference the allegations contained hereinabove in support of her causes of action.

### A. Summit Treestands, LLC.

5.2     At all times material hereto, Summit Treestands, LLC. was in the business of designing, manufacturing and marketing deer stands and deer stand equipment, including the deer stand equipment in question. Summit Treestands, LLC. is thus the "manufacturer" of the subject equipment within the meaning of Texas law and is liable under the doctrine of products liability in tort for injuries and damages produced by defects in the subject equipment.

#### 1. DESIGN DEFECT

5.3     At the time the subject equipment was designed, manufactured and sold by Summit Treestands, LLC., the same was defective in design and unreasonably dangerous, which defective and unreasonably dangerous condition was a producing cause of the injuries and damages of Plaintiff. Defendant Summit Treestands, LLC., manufactured and produced the subject equipment that was unreasonably dangerous to consumers, including Plaintiff. Specifically, Summit Treestands, LLC. was negligent:

a. In failing to design the subject equipment with seat support straps sufficient to support a reasonable load;

b. In failing to design the subject equipment with seat support straps appropriate for environmental factors;

c. In failing to design the seat in such a manner to where it could support a reasonable load;

d. In failing to design the seat in such a manner to prevent an injury following the failure of a seat support strap;

e. In failing to properly test and evaluate the subject equipment;

f. Failing to warn of dangers associated with the design of the subject equipment and its seat support straps;

g. In it design of the seat support straps in an unreasonably dangerous manner;

h. Failing to provide adequate warnings to the public in general, and to Plaintiff and specifically of the dangerous propensities of the flawed design of the subject equipment;

    i. In acting to conceal defects and dangers in its products from the public, from injured persons and governmental entities rather than fulfilling its common law and statutory obligations to provide adequate warnings and to remedy such defects; and

    j. In the design of the subject equipment which failed to correct serious design deficiencies in material, and protection from environmental hazards; and

    k. Failure to use a safer alternative design that would have prevented or significantly reduced the probability of Plaintiff's injuries and damages that could have been used without substantially reducing the subject equipments utility and which was economically and technologically feasible at the time that the subject equipment left the control of Defendant Summit Treestands, LLC.

5.4. At the time of the Incident in question, the subject equipment was in substantially the same condition as it was in at the time it left the possession of Defendant Summit Treestands, LLC. Moreover, a safer alternative design existed at the time the subject equipment was manufactured. The safer alternative design would have prevented or significantly reduced the risk of the Plaintiff's injuries and damages, without substantially impairing the product's utility. Furthermore, the safer alternative design was economically and technologically feasible at the time the product left the control of the Defendants by the application of existing or reasonably achievable scientific knowledge.

    **2. MANUFACTURING DEFECT**

5.5. At the time the subject equipment was manufactured and sold by Defendant Summit Treestands, LLC. the same was defective in manufacture and unreasonably dangerous. The equipment in question was dangerous to an extent beyond that which would have been contemplated by an ordinary user of the product, with the ordinary knowledge common to the community as to the product's characteristics, including its defectively designed seat support straps. The defective and unreasonably dangerous condition was a producing cause of Plaintiff's injuries and damages.

    **3. MARKETING DEFECT**

5.6 Both prior to and subsequent to the sale of the subject equipment, Defendant Summit Treestands, LLC. failed to give adequate and proper warnings and instructions regarding the dangers

of said equipment, which failure rendered said equipment defective and unreasonably dangerous, and a producing cause of Plaintiff's injures and damages.

### 4. NEGLIGENCE

5.7    Defendant Summit Treestands, LLC. owed a duty to Plaintiff herein, which duty it breached, and which proximately caused the damages complained of herein. Defendant Summit Treestands, LLC. acts and omissions, which collectively and severally, constituted negligence, which negligence was a proximate cause of the injuries and damages to Plaintiff.

### 5. BREACH OF WARRANTY

5.8    Defendant Summit Treestands, LLC. breached the implied warranties of merchantability and fitness, which breach of said warranties was both a proximate and producing cause of the injuries to Plaintiff, the injuries, physical pain and mental anguish she suffered, and of the damages suffered by Plaintiff, including attorneys' fees and litigation expenses, for which recovery is sought herein.

### B. Bass Pro Outdoor World, L.L.C.

### 1. BREACH OF WARRANTY

5.9    Defendant Bass Pro Outdoor World, L.L.C. expressly and/or impliedly warranted to the public generally, and specifically to Plaintiff, that the subject equipment was of a merchantable quality and was safe and fit for the purposes intended when used under ordinary conditions and in an ordinary manner. Plaintiff made use of the product as alleged herein and relied upon these express and implied warranties. Contrary thereto, the subject equipment was not of a merchantable quality or fit for its intended use, thereby rendering it unreasonably dangerous and inherently dangerous.

5.10    Plaintiff would show the Defendant Bass Pro Outdoor World, L.L.C. breached its express and implied warranties in the manner described above and in the improper marketing and failure to warn. Bass Pro Outdoor World, L.L.C.'s breaches of these warranties and/or the above-mentioned defects render the subject equipment unreasonably and inherently dangerous, and a direct, proximate, and

producing cause of the injuries and damages suffered by Plaintiff. Bass Pro Outdoor World, L.L.C.'s conduct and breaches in these warranties were done knowingly.

### 2. NEGLIGENCE

5.11 Bass Pro Outdoor World, L.L.C. was negligent in the distribution and sale of the subject equipment in question.

5.12 Bass Pro Outdoor World, L.L.C. was negligent in a manner which was a direct and proximate cause of the injuries and damages suffered by Plaintiff. The acts and omissions of the Bass Pro Outdoor World, L.L.C. which Plaintiff alleges was negligence, include, but are not limited to the following:

- A. Failing to instruct users and purchasers on the method of safely using the subject equipment;

- B. Failing to sell adequate equipment to be used and safely;

- C. Failing to require manufacturers and distributors to provide warnings and instructions to those purchasing the subject equipment;

- D. Failing to monitor the details of work performed by the manufacturer, assembler and distributor of the subject equipment;

- E. Failing to monitor the details of work and quality control of the manufacturer, assembler and distributor of the subject equipment;

5.13 The acts or omissions on the part of the Bass Pro Outdoor World, L.L.C, singularly or in combination, were separate and distinct acts of negligence which directly and proximately caused Plaintiff's injuries and damages.

## VI.
## DAMAGES

6.0 As a result of the Incident in question, Plaintiff sustained serious personal injuries and damages. It has been necessary for Plaintiff to pay or incur reasonable and necessary medical expense in the past and it is probable that she will incur reasonable and necessary medical expenses

in the future. Plaintiff loss of earning capacity into the future. Plaintiff has sustained physical pain and suffering and mental anguish in the past and will continue to suffer physical pain and mental anguish into the future. Plaintiff has sustained physical impairment in the past and will suffer physical impairment in the future. Plaintiff now brings this action for the recovery of past and future medical expenses, past and future physical pain and suffering and mental anguish, future loss of wage earning capacity, and past and future physical impairment. Plaintiff will ask a jury to consider the elements of damages and award a reasonable sum of money for each. In addition, Plaintiff is entitled to prejudgment and post judgment interest.

## VII.
## PRAYER

7.0     Plaintiff seeks all legally recoverable damages, including attorney's fees and expenses, pre-judgment interest and post judgment interest. Plaintiff's damages at this time are in excess of the minimal jurisdictional limits of this Court.

## X.
## REQUEST FOR JURY TRIAL

14.     Plaintiff requests a jury trial.

WHEREFORE PREMEISES CONSIDERED, Plaintiff Patrizia Reed prays that Defendants Summit Treestands, LLC. and Bass Pro Outdoor World, L.L.C. be cited and required to appear in answer herein and that upon final hearing hereof, Plaintiff have and recover judgment against Defendants in an amount determined by a jury, as well as costs of court, pre-judgment and prost-judgment interest; and for such other and further relief to which she may show herself justly entitled, at law and in equity.

Respectfully submitted,

**ATTORNEY BRIAN WHITE & ASSOCIATES, P.C.**

By: _____
**BRIAN E. WHITE**
State Bar No. 24034736
405 Main, Suite 800
Houston, Texas 77002
(713) 224-4878 Telephone
(713) 623-5533 Facsimile
Brian@AttorneyBrianWhite.com
ATTORNEY FOR PLAINTIFF

I, Barbara Gladden Adamick, do hereby Certify ___ pages in Cause #_____ as being a true and correct copy of the Original Record now on file in the District Clerk's Office of Montgomery County, Texas.

Witness My Official Seal of Office in Conroe, Texas
On This the ___ Day of _____
By: _____ Deputy